**Champ W. Davis, Plaintiff-Appellee, v. Springfield Lodge No. 158, Benevolent and Protective Order of Elks, Defendant-Appellant.**

Gen. No. 10,262.

Third District.

January 13, 1960.

Rehearing denied February 25, 1960.

Released for publication February 25, 1960.

Olsen and Cantrill, of Springfield (Herbert L. Cantrill, of counsel) for defendant-appellant.

R. G. Heckenkamp and William F. Fuiten, of Springfield, for plaintiff-appellee.

JUDGE CARROLL delivered the opinion of the court.

This appeal is from a judgment entered on a jury verdict in favor of the plaintiff. The action was brought to recover for personal injuries sustained by plaintiff when he tripped and fell over a bench in the physical therapy room in the building of the defendant, Springfield Lodge No. 158, Benevolent and Protective Order of Elks, known as the Elks Club.

The record discloses that at the time he was injured, plaintiff had been a member of defendant lodge for 16 or 17 years; that at about 4 o'clock P. M. on March 31, 1956, he entered the Club and went to the cardroom which was in the basement of the building and had an area of 60 or 65 by 40 or 45 feet; that in this room there were a number of card tables, chairs and other

smaller tables for refreshments; that he sat at one of the tables and engaged in playing cards; that to the west of the cardroom is a larger room with a circular bar and cafeteria where liquor and food were served; that at the extreme west end of the barroom there is a rest room; that there is a men's washroom in the southwest corner of the cardroom which was used as such except on "him" and "her" nights which were social events attended by men and women; that this men's washroom was approximately 40 feet from where the plaintiff was sitting at a card table; that to the south of the cardroom there is a reading room approximately 20 feet wide and equipped with divans, chairs, lamps and a TV set; that a door leads from the reading room into the physical therapy room; that west of the therapy room is a locker room in which there were showers, steam room and a rest room with toilet facilities; that access to the locker room was gained by going through the therapy room; that in the therapy room there were 3 or 4 bar bells, mats and punching bag which would ordinarily be shoved over to the left so as to leave a path 3 to 3½ feet wide across the room and leading to the door to the locker room; that the therapy room door was directly opposite the door leading into the locker room.

Plaintiff testified that after playing cards for about 4 hours he decided to go to the toilet; that there was then in progress a "him" and "her" party; that there were men and women sitting at tables in front of the men's room in the cardroom; that he had on his old clothes and in order to go to that particular washroom he would have to walk through these tables; that in order to avoid doing so, he decided to use the toilet in the locker room; that he had 3 or 4 bottles of beer and was sober; that he left the card game, went into the reading room which was separated from the cardroom by an archway; that he then turned to

his right and walked to the door of the physical therapy room; that there was no sign on the door which was closed but not locked; that he opened the door and found the room completely dark; that he felt around for the light switch and in so doing fell over something; that he didn't know what it was that caused him to fall; that he remembered nothing more until he was picked up by William J. McKinney, another lodge member; that after the lights were turned on he saw tables stacked in the room, bar bells on the floor and a bench across the aisle through which a person would walk in going through the therapy room; and that he had not been warned or notified that the toilet facilities beyond the therapy room were closed or not available to members of the lodge.

The witness McKinney testified that he saw plaintiff leave his card game; that about 10 minutes thereafter the witness also left the cardroom and went towards the steam room to take a steam bath; that he went through the reading room to the door of the therapy room; that as he opened the door he heard plaintiff; that he lit a cigarette lighter and saw plaintiff lying on the floor on the other side of a bench; that he walked across the floor and turned on the light; that he helped plaintiff up to the bench; and that the bench was about 4 feet long and was partially out in the passageway between the therapy room entrance door and that leading into the locker room. This witness also stated that he saw no sign on the therapy door.

Although the club janitor, a witness for the defendant, testified that at 4:30 o'clock P. M. on the day of the accident, he placed a sign on the physical therapy room door which read: "closed at 4:30 Him and Her Party," the testimony of plaintiff and McKinney that such sign was not there when plaintiff opened the door is not contradicted.

105

Defendant's principal contention is that plaintiff was guilty of contributory negligence as a matter of law in entering the unlighted physical therapy room. In support thereof it is pointed out that plaintiff knew or should have known there were bar bells on the floor of such room; and that when plaintiff was confronted with the darkness of said room he should have known of the danger it presented and that the natural instinct of self-preservation should have caused him to return to the cardroom and go to one of the other two rest rooms which were available to him. Defendant insists that under these conditions the conduct of plaintiff in trying to locate the light switch on the wall and his failure to withdraw from the room rendered him guilty of contributory negligence which bars recovery.

The issue of contributory negligence is ordinarily and preeminently a question of fact upon which a plaintiff is entitled to have a finding of a jury. It becomes a question of law only when all reasonable minds in the exercise of fair and honest judgment would upon the undisputed facts be compelled to reach the conclusion that such facts do not establish due care and caution on the part of the plaintiff. Lasko v. Meier, 394 Ill. 71; Blumb v. Getz, 366 Ill. 273; Thomas v. Buchanan, 357 Ill. 270.

It follows that if there is any evidence in the record which with the legitimate inferences that reasonably may be drawn therefrom, tends to show due care on plaintiff's part, then the question of contributory negligence should be submitted to the jury.

We do not think it was negligence *per se* for plaintiff to enter the unlighted therapy room and attempt to locate the light switch on the wall. He was familiar with the club premises and knew there were toilet facilities in the men's room at the rear of the locker room; he knew that members using this room entered

106

the physical therapy room and that they followed a path or aisle through the bar bells, mats and other paraphernalia across the therapy room to the locker room door; that this door led not only to toilet facilities but also to the steam room, showers and swimming pool. The door to the therapy room was not locked and there was nothing to indicate to plaintiff or any other club member that the locker room should not be used. That members were going to the locker room through the therapy room on the night of the accident is indicated by the fact that McKinney, a member, was entering the therapy room on his way to the locker room to take a steam bath when he discovered the injured plaintiff. Under these circumstances it is evident that plaintiff in entering the dark therapy room did not knowingly expose himself to danger. The evidence affords no reasonable basis for concluding that plaintiff knew or had any way of knowing of any dangerous condition existing in the therapy room. There is no evidence that after discovering that the therapy room was in darkness that he did anything except to reach for a light switch. In judging plaintiff's conduct, it must be remembered that he was proceeding in familiar surroundings. When a person under such circumstances opens a door to find the room beyond in darkness, it would seem both natural and reasonable for him to reach for the light switch. He appears to have done only that which experience and observation tells us the ordinary prudent person does when acting under similar circumstances in his own home or other places with which he is familiar.

In Packard v. Kennedy, 4 Ill.App.2d 177, a private nurse reporting for duty in a private home parked her automobile in an area to the rear of the home in front of the garage and walked on a flagstone path in a dark area to reach what she thought was a rear door and while so walking she fell into space to the bottom of

107

the steps leading to a basement entrance. When entering the home on previous occasions, plaintiff had been let out of her husband's car on a walk which led to the front door of the house. It was contended that the plaintiff was guilty of contributory negligence in walking ahead in the darkness in unfamiliar surroundings instead of going in the front entrance. The court, in rejecting such argument, observed that since plaintiff knew of no hazardous condition at the rear of the house, her action in walking towards the rear door was not unreasonable merely because she had previously used the walk to the front door. Holding that under the evidence plaintiff was not guilty of contributory negligence as a matter of law, the court said:

"It is therefore evident that this is not a case where, as defendants suggest, plaintiff had two choices, one dangerous and one safe, and deliberately chose the perilous course, for although reasonable men might differ as to the wisdom of plaintiff's choice, clearly her conduct was not of such a nature that all reasonable men would agree that she was palpably negligent, and therefore, that issue was properly submitted to the jury."

The same conclusion was reached in Pauckner v. Wakem, 231 Ill. 276, where the plaintiff in returning to the bathroom in an unfamiliar warehouse, proceeded down a dark hallway and fell into an open elevator shaft. In Coken v. Peterson, 340 Ill. App. 518, where a tavern patron walked through double doors into a dark area where she could not see ahead in search of a rest room and fell down the basement steps in attempting to find the lights, the court held that the issue of her contributory negligence in proceeding in that dark area was for the jury to determine. The same conclusion was reached in Murphy v. Illinois State Trust Co., 375 Ill. 310, where the plaintiff in

108

making his exit from a tavern chose to follow a course which took him into an unlighted area where he fell into an open cellarway.

Brett v. Century Petroleums, Inc. 302 Ill. App. 99, and Swanson v. Peter Schoenhofen Brewing Co., 215 Ill. App. 185, cited by defendant as sustaining its theory are readily distinguishable from the case at bar. In the Brett case, the plaintiff whose car was being repaired in the front part of a filling station, went into a washroom and then walked into a dark grease pit room where she fell and was injured. In holding her guilty of contributory negligence as a matter of law, the court said she should have known that her car was not being repaired in a dark room and was therefore in an area where she had no right to be.

In the instant case, plaintiff, at the time of his injury, was a member of defendant club and in a place provided for his use and where he had a right to be.

In the Swanson case, the plaintiff suffered injuries resulting in his death when he fell through an open trap door in a dark room of the saloon where he had been employed for over 2½ years. This trap door led to the cellar where beer was stored. In holding the deceased's negligent conduct to be the cause of the accident resulting in his death, the court in substance said that as an employee of the saloon and familiar with the entire environment in which he worked, he must have known that if the trap door was open and he entered the room without turning on the lights he was likely to step into such trap door opening.

It cannot be said that when plaintiff opened the therapy room door he must have known that he was likely to fall over an object in the aisle which was ordinarily open and used by members to reach the locker room.

109

■ The plaintiff was not contributorily negligent in failing to look for danger when there was no reason to apprehend any and the trial court did not err in refusing to direct a verdict for defendant.

■ It is further contended by defendant that since plaintiff had been a member of defendant lodge for 16 or 17 years, he must be held to have assumed whatever risks were involved in entering the unlighted therapy room. The doctrine of assumption of risk is applicable only in cases arising between master and servant. Liby v. Town Club, 5 Ill.App.2d 559; Holsman v. Darling State St. Corp., 6 Ill.App.2d 517; Conrad v. Springfield Consol. R. Co. 240 Ill. 12. The facts do not show the existence of any such relationship between plaintiff and defendant. Examination of the authorities cited by defendant on this point discloses that in each instance the court applied the rule that where a plaintiff by his own action, exposes himself to a known danger, he assumes all risks incident to such action and for such reason held the plaintiff to be guilty of contributory negligence. The factor distinguishing the case at bar from those relied upon by defendant is that here there is evidence showing that the danger to which plaintiff was exposed was hidden and unknown to him.

■■ Finally it is urged that three of the court's instructions to the jury were erroneous. Two of the criticized instructions in effect informed the jury that the defendant was under a duty to keep in a reasonably safe condition the portions of the premises which plaintiff as an invitee was entitled to use. By the other instruction, the jury were told that if at the time of his injury, plaintiff was in a place where he had a right to be, his choice of a rest room made no difference. We think these instructions correctly recited the law and were applicable to the facts. The court did not err in giving such instructions.

110

The judgment of the Circuit Court of Sangamon County is affirmed.

Affirmed.

REYNOLDS, P. J. and ROETH, J., concur.