**ADAM DANTE CORPORATION d/b/a Adam and Eve Health Spa, Petitioner,**

v.

**Beulah H. SHARPE, Respondent.**

No. B–2859.

Supreme Court of Texas.

June 21, 1972.

Rehearing Denied July 26, 1972.

Hartt & Perry, Grover Hartt, Jr., Dallas, for petitioner.

Feldman, O'Donnell & Neil, Larry Feldman, Dallas, for respondent.

POPE, Justice.

Beulah H. Sharpe slipped and fell on the premises of Adam Dante Corporation, a health spa to which Mrs. Sharpe had fully paid her one-year membership fee. She sued for damages for the personal injuries sustained in her fall, and the trial court granted defendant's motion for summary judgment. In reversing the trial court judgment and remanding the cause, the court of civil appeals ruled (1) that Mrs. Sharpe proved by the membership contract that Adam Dante owed her the duty to maintain safe premises, (2) that the contract also defeated the necessary element of voluntariness to the defense of volenti non fit injuria, and (3) that Adam Dante did not prove Mrs. Sharpe was contributorily negligent as a matter of law. 468 S. W.2d 167. We affirm the judgment of the court of civil appeals.

Mrs. Sharpe alleged that the floor of the area in which she fell was slippery, that there was an excess of a foamy substance and water on the floor, and that Adam Dante did not place rubber pads on the floor leading to the swimming pool. The defendant pleaded (1) a general denial, (2) volenti non fit injuria, and (3) contributory negligence. Thus, in this rather simple fact situation, we find the whole network of legal principles unique to actions against an occupier of premises. Defendant Adam Dante, as movant for summary judgment, had the burden to prove, and urges that it did prove, that there was no genuine issue as to any material fact and that it was entitled to a judgment as a matter of law. Rule 166–A, Tex.R.Civ.P.

Mrs. Sharpe's deposition testimony and some photographs are the basis for the trial court's summary judgment against her. Mrs. Sharpe had enrolled as a member of the Adam Dante health spa about two weeks before her accident and had a membership contract for one year. The accident occurred on her fifth visit to the spa; she had been in the swimming area, however, only two times previously. Upon her arrival in the late afternoon she went to the locker room, and then left through a door and down the corridor. She said there was "another hallway that goes into the gym section, and up above there was a little sign, a very small sign . . . that said, 'Slippery When Wet.'" She denied the presence of any other warning sign on the premises. She entered a hallway. On one side was a sauna room, next to that was a steam room, and at the far end was the swimming pool. Near the swimming pool there was a sunken whirlpool which she said was out of order most of the time. It was not functioning three of the five times she had visited the spa. She said there was foam on the water in the whirlpool and that whirlpools are not supposed to have foam. She said that she had seen the whirlpool overflowing on a former visit when she saw a woman mopping up slippery foam and that if the whirlpool overflowed, the floor would be extra slippery. She refused to say that the water from the whirlpool was like any other water. De-

fendant's counsel asked Mrs. Sharpe if she made any claim that the water in the whirlpool was mixed with anything such as soap which would cause it to be more slippery than ordinary water. She said she could not answer that question. The whirlpool was not overflowing while she was there, but she said that if there had been an overflow earlier during the day "the floor would have probably been slipperier than usual."

There were no mats on the floor of the hallway and there had been none on her prior visits. There were no employees around the premises at the time of her visit, and she was the only person in the pool area. She said that she walked barefooted down the tile floor of the hallway and entered the swimming pool. After swimming, she entered the whirlpool and then went into the sauna room. Upon leaving the sauna room, she walked back down the hallway toward the pool for the purpose of picking up a towel. In the area of the whirlpool her feet slipped from under her resulting in serious injuries.

Our first inquiry is whether Adam Dante discharged its summary judgment burden to prove, as a matter of law, that it owed no duty to Mrs. Sharpe to do anything more than it did. It becomes necessary for us, therefore, to determine whether she was either an invitee, or, as Mrs. Sharpe urges, one to whom Adam Dante owed a contractual duty similar to that which the nine-year-old child enjoyed in Harvey v. Seale, 362 S.W.2d 310 (Tex. 1962). We held in that case that the members of a family holding under a lease contract enjoyed a greater right than that of an invitee because the landlord was under a covenant to keep the premises in repair. We ruled that proof of the lease agreement was also proof of the landlord's duty. The court of civil appeals in this case so regarded Mrs. Sharpe's rights.

■ Persons who have been treated as invitees include patrons of restaurants, banks, theatres, and places of amusement.

W. Prosser, Law of Torts § 61, at 385–386 (4th ed. 1971). The difference between those business relationships and this one is that Mrs. Sharpe had a continuing right to return to the spa from time to time. While the question is not an easy one, Mrs. Sharpe's relationship to the spa was something less than that of a tenant whose landlord is under a contractual obligation to make needed repairs. She was more like a person who holds a season ticket to a number of separate performances or a meal ticket which can be used from time to time. Club membership has been held to create an invitee relationship. See Bentley v. Hamden Post 88, Inc., 27 Conn.Sup. 56, 229 A.2d 32 (1967); Davis v. Springfield Lodge No. 158, 24 Ill.App.2d 102, 164 N. E.2d 243 (1960); Smith v. Cedar Rapids Country Club, 255 Iowa 1199, 124 N.W.2d 557 (1964); City of Madisonville v. Poole, 249 S.W.2d 133 (Ky.1952). We hold that Mrs. Sharpe was an invitee.

■ This court has often measured the duty which an occupier of premises owes to an invitee. Guidry v. Neches Butane Products Co., 476 S.W.2d 666 (Tex. 1972); City of Beaumont v. Graham, 441 S.W.2d 829 (Tex.1969); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex. 1963); McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954). The duty is that which is summarized in Restatement (Second) of Torts § 343 (1965):

> § 343. Dangerous Conditions Known to or Discoverable by Possessor
>
> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will

fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

The occupier is under the further duty to exercise reasonable care in inspecting the premises to discover any latent defects and to make safe any defects or to give an adequate warning. Restatement (Second) of Torts § 343, Comment b (1965).

■ We have set forth in the margin [1] some, but not all, of the basic issues for a conventional occupier-invitee case. Under such issues, it would be Mrs. Sharpe's burden at trial to prove the existence and violation of a legal duty owed to her by Adam Dante. Coleman v. Hudson Gas and Oil Corp., 455 S.W.2d 701 (Tex.1970). That includes her burden to prove that she did not possess actual knowledge of the danger, that she did not fully appreciate the nature and extent of the danger, and that the danger complained of was not so open and obvious as to charge her, as a matter of law, with such knowledge and appreciation. Since this is a summary judgment proceeding, however, Adam Dante had to prove as a matter of law the opposite of what would ordinarily be the plaintiff's burden to prove or it had to prevail as a matter of law on one or more of its defenses.

■ The evidence Adam Dante relies upon, in support of its proof that it owed Mrs. Sharpe no duty, is (1) Mrs. Sharpe's own deposition testimony, and (2) proof of an adequate warning of the slippery condition. In our opinion reasonable minds could differ about the conclusions to be drawn from the facts. Mrs. Sharpe knew about the presence of some water and moisture and she appreciated that condition. A fact finder could conclude, however, that something more was present on the floor besides water. She said the danger was not the water but the slippery condition. She gave a plausible basis for that condition by her testimony of the foamy and slippery whirlpool water which overflowed in the area where she fell. She may have known of some danger, but she may not have known and fully appreciated the nature and extent of the hidden danger of the foam which may or may not have been properly wiped from the tile floor. Reasonable minds could conclude that there was a slippery film on the floor around the whirlpool about which she did not know and which she did not fully appreciate. We cannot say that the proof showed as a matter of law that she knew and appreciated the particular risk. See Triangle Motors v. Richmond, 152 Tex. 354, 258 S.W. 2d 60 (1953); Greenhill, Assumed Risk, 20 Sw.L.J. 1, 12 (1966).

Adam Dante also says that it discharged its duty by supplying knowledge of the

---

[1.] *Plaintiff's Issues*
(Duty and Breach of Duty)

1. Defendant created or maintained a dangerous condition (stating it) on its premises. (Objective Test)
2. Defendant knew (or should have known) of the condition. (Objective Test)
3. Plaintiff *did not have actual knowledge* of the condition. (Subjective Test)
4. Plaintiff *did not fully appreciate* the nature and extent of the danger. (Subjective Test)
5. Negligence in some particular act or omission (failure to inspect, failure to correct, failure to warn, etc.).
6. Proximate cause.

*Defendant's Issues*
(Volenti)

7. Plaintiff *actually knew* of the particular condition. (Subjective Test)
8. Plaintiff *fully appreciated* nature and extent of the danger. (Subjective Test)
9. Plaintiff voluntarily encountered the danger. (Subjective Test)
(Contributory Negligence)
10. Plaintiff was negligent (in some particular, such as failure to keep a proper lookout, walking too fast, etc.) in encountering the risk.
11. Which was a proximate cause of the injury.

danger to Mrs. Sharpe through some warning signs posted on the premises. Mrs. Sharpe, however, said that there was only one small warning sign. She described it as a sign about six by twelve inches in size, on which was written, "Slippery When Wet." She said it was located above a door which leads from a hallway into the gym section. It is not clear from her testimony whether the sign was or was not in the pool area. We cannot say as a matter of law that the sign warned her of a latent danger such as a slick film on the floor around the whirlpool. In our opinion, the adequacy of the warning was also a disputed fact. We, therefore, hold that Adam Dante did not prove as a matter of law either the absence of a duty toward Mrs. Sharpe or that it discharged its duty.

Volenti non fit injuria was Adam Dante's second pleaded defense. The thrust of the defense is actual knowledge by Mrs. Sharpe of the specific dangers, which, with full appreciation, she voluntarily encountered. At a conventional trial the defendant has the burden to prove the plaintiff's knowledge and appreciation as elements of its affirmative volenti defense. Adam Dante had the burden to prove those elements as a matter of law in the summary judgment proceeding. Our views about Adam Dante's failure to prove these elements as a matter of law coincide with those views already expressed concerning its failure to prove them with respect to the no-duty issues. Hence, Adam Dante did not establish as a matter of law two of the elements of volenti and we do not reach the third element, i. e., whether Mrs. Sharpe voluntarily encountered the risk.

Mrs. Sharpe's contributory negligence is Adam Dante's third pleaded defense. As explained in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963), when dealing with the contributory negligence issues, unlike the rule applied to no-duty and volenti, inquiries about a plaintiff's knowledge and appreciation of the danger are measured by the objective test of an ordinary prudent man who "should

have" known and "should have" appreciated the danger. The actual issue usually inquires whether the plaintiff kept a proper lookout.

We agree with the holding of the court of civil appeals that the record does not show conclusively that Mrs. Sharpe acted unreasonably as a matter of law in using the premises. Whether conduct is reasonable is ordinarily a question of fact. Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357 (1950); Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585 (1948); McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442 (1941); Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698 (1940). See also Bentley v. Hamden Post 88, Inc., 27 Conn.Sup. 56, 229 A.2d 32 (1967); Davis v. Springfield Lodge No. 158, 24 Ill.App.2d 102, 164 N.E.2d 243 (1960); Smith v. Cedar Rapids Country Club, 255 Iowa 1199, 124 N.W.2d 557 (1964). We accordingly approve the judgment of the court of civil appeals that reversed the judgment of the trial court and remanded the cause for trial of the fact issues.

We now express some further views concerning the trial of this case on remand and the simplification of the issues in occupier cases. Among the practical problems encountered in this area of the law are (1) the submission of opposite issues, (2) the awkward submission of issues requiring a plaintiff to obtain an affirmative finding on negative issues, (3) confusion surrounding the term "open and obvious," and (4) the overlap of the no-duty and volenti issues. We shall briefly discuss these problems.

According to the present trial practice, some form of the plaintiff's knowledge and appreciation of a condition are the subject of inquiry in three different sets of issues. First, to prove the defendant's duty toward her, Mrs. Sharpe must obtain findings that she did not have actual knowledge and appreciation of the condition, and she also must prove that she was not charged in

law with such knowledge and appreciation. Next, the defendant's affirmative volenti defense permits the submission of the same two knowledge and appreciation issues, but with the burden of proof upon the defendant. Finally, Adam Dante's defense of contributory negligence permits a third inquiry concerning the plaintiff's knowledge and appreciation of the danger in terms of the objective inquiry, "should have," as explained in Halepeska v. Callihan Interests, Inc., 371 S.W.2d at 379. The inquiry should take the form of a more specific issue such as the plaintiff's failure to keep a proper lookout. Thus, under the present method of special issue submission, the plaintiff must negative her own knowledge and appreciation to prove a duty on the part of the defendant and then the defendant may submit the opposite of those issues as elements of its proof of volenti. Such submission is generally condemned. Ross v. Texas Employers' Ins. Ass'n, 153 Tex. 276, 267 S.W.2d 541 (1954); 3 R. McDonald, Texas Civil Practice § 12.10.2, at 309 (Rev. ed. 1970).

The practice which requires Mrs. Sharpe to prove and obtain a jury finding that she did not have actual knowledge and did not fully appreciate the nature and extent of the danger has become known as the submission of the no-duty issues. The practice is based upon the principle that an occupier owes no duty to one who has full knowledge and appreciation of the condition about which he complains. In McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391, 393 (1954), this court correctly recognized that a plaintiff's actual knowledge and appreciation of a danger eliminates any duty which the defendant owes a plaintiff. See also Restatement (Second) of Torts § 343A (1965). There is a practical difficulty in the submission of these negative issues, because, as we said in Halepeska, it is "a rather clumsy concept . . .."

Another contributing factor to this difficult area of the practice is the varying uses of the phrase "open and obvious" by the bench and bar. A plaintiff, such as Mrs. Sharpe, may be charged in law with knowledge and appreciation of a dangerous condition if the condition is open and obvious to her. A defendant, therefore, owes her no duty as to conditions which are open and obvious. On some occasions the phrase has been improperly treated as a separate fact issue which should be submitted to the jury. Gundolf v. Massman-Johnson, 473 S.W.2d 70, 72 (Tex.Civ.App. 1971, writ pending); Goodson v. Southland Corporation, 454 S.W.2d 823 (Tex.Civ. App.1970, writ ref. n. r. e.); El Rancho Restaurants, Inc. v. Garfield, 440 S.W.2d 873, 877 (Tex.Civ.App.1969, writ ref. n. r. e.); Crowell-Gifford Furniture Co. v. Cloutman, 276 S.W.2d 539, 544 (Tex.Civ. App.1955, writ ref. n. r. e.); see Keeton, Personal Injuries Resulting from Open and Obvious Conditions—Special Issue Submission in Texas, 33 Texas L.Rev. 1, 11 (1954); 9 Stayton, Texas Forms § 5041, at 483 (1961). At other times the term has correctly been used to mean that the proof shows the condition was so patent as to charge the plaintiff as a matter of law with knowledge and appreciation of the danger. In this sense, there is no issue of fact. See Greenhill, Assumption of Risk, 16 Baylor L.Rev. 111, 114–118 (1964); Scott v. Liebman, 404 S.W.2d 288 (Tex. 1966); Wesson v. Gillespie, 382 S.W.2d 921 (Tex.1964); Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607 (1952); Houston Nat'l Bank v. Adair, 146 Tex. 387, 207 S. W.2d 374 (1948); Houston Sports Ass'n, Inc. v. Russell, 450 S.W.2d 741 (Tex.Civ. App.1970, writ ref. n. r. e.); Burton v. Stasny, 223 S.W.2d 310 (Tex.Civ.App.1949, writ ref'd); Hausman Packing Co. v. Badwey, 147 S.W.2d 856 (Tex.Civ.App.1941, writ ref'd).

The fourth area of confusion arises out of the overlap of the so-called no-duty issues and the volenti issues. We recognized this situation in McKee v. Patterson,

153 Tex. 517, 271 S.W.2d 391 (1954), when we said, "Actually, in their application to a given fact situation the two theories so completely overlap as to be almost indistinguishable." A plaintiff's failure to overcome the no-duty issues and a defendant's proof of the volenti issues both go toward the same goal. Both are grounded upon the negation of any duty owing by an occupier to one entering the premises as an invitee. An occupier's proof of volenti negates the presence of the duty owing to a plaintiff. Ellis v. Moore, 401 S.W.2d 789, 792–793 (Tex.1966); W. Prosser, Law of Torts § 68, at 440 (4th ed. 1971); Green, Assumed Risk as a Defense, 22 La.L.Rev. 77 (1961); Keeton, Assumption of Risk and the Landowner, 20 Texas L.Rev. 562, 568 (1942); Note, 29 Texas L.Rev. 268 (1950). The reason that proximate cause is not an element of volenti is that volenti rubs out the possible underlying duty of a defendant toward the plaintiff and that ends the case. Logically, there is as much reason for imposing the burden on a plaintiff to negate volenti as there is for imposing that burden on a plaintiff to negate the no-duty issues. Historically, the burden has always been upon the defendant to prove volenti as a defense. Restatement (Second) of Torts § 496 G, Comment a (1965). Pragmatism and the way the human mind operates are also good reasons for the practice which imposes the burden upon the defendant to prove volenti, which includes knowledge of and appreciation of the danger as two of its elements.

Also running through this entire area of the law is some ambiguity in the use of the terms voluntary assumption of risk and volenti non fit injuria. In Wood v. Kane Boiler Works, 150 Tex. 191, 238 S.W.2d 172 (1951), we recognized the historical limitation of the assumption of risk doctrine to cases arising out of a master-servant or some other contractual relationship. That case, however, held that the same principles could be applied more broadly under the doctrine known as volenti. The distinction between the two has been said to be one without a difference. W. Prosser, Law of Torts § 68 (4th ed. 1971); 2 F. Harper & F. James, The Law of Torts § 27.13 (1956). In the present status of the law we do not limit voluntary assumption of risk to master-servant and contractual relationships, and we regard volenti as an extension to, as well as another name for, voluntary assumption of risk.

▮ Upon the trial of this case, depending upon the evidence as it is there presented, the issues more appropriately would be submitted as suggested by the form in the margin.[2] Mrs. Sharpe must

2. *Plaintiff's Issues*
   1. Defendant created or maintained a dangerous condition (stating it) on its premises. (Objective Test)
   2. Defendant knew (or should have known) of the condition. (Objective Test)
   3. Negligence in some particular act or omission (failure to inspect, failure to correct, failure to warn, etc.).
   4. Proximate cause.
       *Defendant's Issues*
       (Assumption of Risk)
   5. Did plaintiff voluntarily assume the risk of (stating it)? (Subjective Test)
       You are instructed that in order for the plaintiff (naming), to as-

sume the risk, she must have actually known of the condition which caused her injury and she also must have actually and fully appreciated the nature and extent of the danger involved in encountering the condition, and she must have voluntarily and of her own free will encountered the danger of the condition causing her injuries, if any.
       (Contributory Negligence)
   6. Plaintiff was negligent (in some particular, such as failure to keep a proper lookout, walking too fast, etc.) in encountering the risk.
   7. Which was a proximate cause of the injury.

make prima facie proof that she did not know of and did not appreciate the danger and that she was not charged in law with knowledge and appreciation of the danger. Upon such a showing she will be entitled to go to the jury on the issues of defendant's negligence. She will not be required to obtain findings that she did not actually know and did not appreciate the danger. The defendant, by its pleading of voluntary assumption of risk, will be entitled to an issue which inquires about plaintiff's knowledge and appreciation.

■ No issue should be submitted to the jury which inquires whether a condition was or was not open and obvious. Whether a condition is open and obvious is not a separate issue nor a separate concept. The matters relevant to a plaintiff's duty, more accurately stated, are the plaintiff's knowledge and appreciation of the danger. When one speaks of a condition as being open and obvious, the phrase means that there is no dispute in the evidence or the facts which will charge an invitee with knowledge and full appreciation of the nature and extent of danger. It means that knowledge and appreciation of the danger are considered as proved as a matter of law.

■ The defendant, Adam Dante, will be entitled to the submission of its defense that Mrs. Sharpe voluntarily assumed the risk, because it has pleaded that defense. The issue, however, may hereafter be submitted in a single issue with suitable definitions and explanatory instructions.

The defendant will also be entitled to special issues which separately inquire about each pleaded act or omission as contributory negligence. Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99 (1953).

The judgment of the court of civil appeals is affirmed.