**Robert E. PRICE as next friend of Gregory Lynn Price, Appellant,**

**v.**

**THORNTON'S FOURTH STREET, INC., Appellee.**

**No. 4694.**

Court of Civil Appeals of Texas, Eastland.

July 19, 1974.

Rehearing Denied Aug. 16, 1974.

James E. Robinson, Robinson, Hanna & Burke, Abilene, for appellant.

J. M. Lee, McMahon, Smart, Sprain, Wilson, Camp & Lee, Abilene, for appellee.

WALTER, Justice.

Robert E. Price, as next friend of Gregory Lynn Price, filed suit against Thornton's Fourth Street, Inc., for damages for personal injuries sustained by the minor while he was using the escalator. He alleged nine specific grounds of negligence which were alleged to have been a proximate cause of the minor's injuries. Thornton's motion for a summary judgment was granted and Price has appealed.

In support of its motion for summary judgment, Thornton's relied upon the deposition of the minor plaintiff and the affidavit of Richard W. Hood, general manager for Thornton's. Mr. Hood's affidavit cannot be considered as doing more than raising an issue of fact because he is an interested witness, unless such testimony is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach his testimony. Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup.1965). We hold that the exception does not apply and Mr. Hood's summary judgment testimony raises an issue of fact.

The minor plaintiff testified by deposition substantially as follows:

I go to school at Mann Junior High and I am in the seventh grade and I make what I consider average grades. I

was 13 years old at the time I fell on the escalator. I work at the Abilene Reporter News selling subscriptions to the paper. On September 9, 1972, I fell on the escalator at Thornton's Store on Fourth Street. This happened in the morning at about nine or ten o'clock and this was on a Saturday. I went to Thornton's on my bicycle for the purpose of getting a coke on the second floor. I had been on the escalator once or twice before about two or three weeks before September 9th. I didn't ride the escalator just for fun. I was in there to buy a coke.

There was no other person on the escalator with me at the time. When I fell, I hit my head on the rail. I got back up before the escalator arrived at the second floor level and was in a standing position and I started to walk off in a normal way but I had some bubble gum stuck to my foot and it was kind of sticky, so I stopped when I got up there and cleaned it off. As a result of this fall, I sustained bruises to my arm and an injury to my head and eye. I didn't hit my eye on the rail, I hit the rail right above my eye.

When asked:

"Q Well, now, what happened on this particular day?" he answered:

"A Well, I was going up the escalator, and I took a step up, and I took another step up halfway, and I stepped on something and I slipped; and went backwards and my weight—I went forward. So, my right foot went backwards on the gum—I slipped on some gum—my foot went backwards and my weight went forward, and I slipped, and it was covered, and it had dirt and everything all over it. And it was all black and stuff. It was about the color of the escalator steps."

Thornton's contends that the minor plaintiff was a trespasser or "at best a licensee." Price contends the minor plaintiff was a customer of the store and an invitee. In Oliver v. Snowden, 426 S.W.2d 545 (Tex.Sup.1968) our Supreme Court cites with approval Arthur v. Standard Engineering Co., 89 U.S.App.D.C. 399, 193 F.2d 903 (1951). In the Arthur case the court said:

"The appellant says if any doubt existed whether he was a licensee or an invitee the question should have been submitted to the jury, as we held with respect to the circumstances shown in Young Men's Shop v. Odend'hal, 1941, 73 App.D.C. 354, 121 F.2d 857. Unquestionably so, when the status depends upon issues of fact created by a contrariety of evidence."

■ The determination of the minor plaintiff's status was in dispute and it cannot be determined as a matter of law in a summary judgment proceeding.

In Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex.Sup.1972), the court said:

"This court has often measured the duty which an occupier of premises owes to an invitee. Guidry v. Neches Butane Products Co., 476 S.W.2d 666 (Tex. 1972); City of Beaumont v. Graham, 441 S.W.2d 829 (Tex.1969); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963); McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954). The duty is that which is summarized in Restatement (Second) of Torts § 343 (1965):

§ 343. Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition,

and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

The occupier is under the further duty to exercise reasonable care in inspecting the premises to discover any latent defects and to make safe any defects or to give an adequate warning. Restatement (Second) of Torts § 343, Comment b (1965).

We have set forth in the margin some, but not all, of the basic issues for a conventional occupier-invitee case. Under such issues, it would be Mrs. Sharpe's burden at trial to prove the existence and violation of a legal duty owed to her by Adam Dante. Coleman v. Hudson Gas and Oil Corp., 455 S.W.2d 701 (Tex.1970). That includes her burden to prove that she did not possess actual knowledge of the danger, that she did not fully appreciate the nature and extent of the danger, and that the danger complained of was not so open and obvious as to charge her, as a matter of law, with such knowledge and appreciation. *Since this is a summary judgment proceeding, however, Adam Dante had to prove as a matter of law the opposite of what would ordinarily be the plaintiff's burden to prove or it had to prevail as a matter of law on one or more of its defenses."* (Emphasis ours.)

We have concluded that the summary judgment proof did not establish as a matter of law that there were no genuine issues of fact as to the essential elements of the minor plaintiff's cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970).

The judgment is reversed and the cause is remanded.