KIMBELL, INC., d/b/a Buddies
Supermarket, Appellant,

v.

Esther Lynn TAYLOR, Appellee.

No. 8429.

Court of Civil Appeals of Texas,
Texarkana.

Jan. 11, 1977.

Edward E. Crowell, Jr., Gardere, Porter
& DeHay, Dallas, for appellant.

Ronald A. Dubner, Dubner, Weinstein &
Bell, Dallas, for appellee.

RAY, Justice.

This is a venue case. Esther Lynn Taylor, appellee (plaintiff), brought suit against Kimbell, Inc., d/b/a Buddies Supermarket, appellant (defendant), in Dallas County seeking recovery of money damages for injuries she received while in one of the appellant's stores in Dallas. Appellant filed its plea of privilege to be sued in Tarrant County, the location of its main office. Appellee duly filed her controverting affidavit and the trial court heard the matter without the aid of a jury and entered an order overruling the plea of privilege. This appeal was perfected by the appellant and eight points of error are submitted for our consideration.

Appellee Taylor contends that venue is in Dallas County under Tex.Rev.Civ.Stat.Ann. art. 1995, sec. 9a and sec. 23. In order to maintain venue in Dallas County under those sections, it was necessary that appellee prove by a preponderance of the evidence that she had a cause of action which arose in Dallas County.

Appellee alleged that she entered the appellant's retail grocery store in Dallas County to purchase some grocery items, and that suddenly and without warning some dog food bags by which she was standing, fell and caused severe injuries to her. The specific acts of negligence alleged were that the appellant failed to use ordinary care in stacking the sacks of dog food, failed to

warn of the danger of the stacked sacks of dog food and failed to search the premises to discover whether there was an existing dangerous condition as a result of the dog food bags being stacked in large numbers, one on top of the other.

Appellee Taylor testified that she entered the supermarket and saw a display of dog food placed on a dais and that on the dais there were three fifty pound sacks of dog food which had been damaged and a stack of ten sacks of dog food, each weighing twenty-five pounds, about two sacks of which were above Mrs. Taylor's head. Appellee noticed that the fifty pound sacks were broken and since she had sixteen dogs to feed, she was interested in purchasing the damaged sacks of dog food. She asked a stock boy from the next aisle to come and tell her how much the damaged sacks would cost. The stock boy left, and Mrs. Taylor remained for between three to four and possibly five minutes with her toes about eighteen inches from the stack of twenty-five pound sacks of dog food. As she was standing near the twenty-five pound sacks, the stack suddenly fell on her. No other evidence was introduced by appellee regarding the falling of the sacks or the stacking of the dog food sacks.

■ The mere happening of an accident is no evidence of negligence. *Thoreson v. Thompson,* 431 S.W.2d 341 (Tex.1968).

■ Appellee's first burden in proving her case was to establish that appellant had created or maintained a dangerous condition on its premises. *Adam Dante Corpora-* *tion v. Sharpe,* 483 S.W.2d 452, 455 (Tex. 1972). There was no evidence that stacking twenty-five pound dog food sacks in a stack ten high creates a dangerous condition. There was no evidence of how thick the sacks were, whether the sacks were slick or not, or the manner in which they were stacked, and there was no evidence of how tall Mrs. Taylor was. There is no evidence that the manner in which the sacks were stacked would cause them to be more likely to fall than not. Since there was no evidence that appellant maintained a dangerous condition on its premises, there was no duty to warn nor any duty to search the premises to discover a dangerous condition. *Adam Dante Corporation v. Sharpe, supra.*

There was no evidence in the record which would dictate that the risk of injury was high when compared to common experience. Since common knowledge would not suffice in the instant case, appellee had to establish the degree of risk by competent evidence. *Thoreson v. Thompson supra; J. Weingarten, Inc. v. Razey,* 426 S.W.2d 538 (Tex.1968).

The judgment of the trial court is reversed and judgment is here rendered transferring the cause, as prayed for, to the 48th District Court of Tarrant County.