**H.E.B. FOOD STORES, INC., Appellant,**

v.

**Anita FLORES, Appellee.**

**No. 13-83-379-CV.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 10, 1983.

Rehearing Denied Dec. 8, 1983.

Ferriel C. Hamby, Jr., Harlingen, for appellant.

David Garcia, Edinburg, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is a venue case wherein appellant, H.E. Butt Food Stores, Inc., is appealing from an order overruling its plea of privilege. Appellee, Anita Flores, a resident of Hidalgo County, Texas, brought suit in the 93rd District Court of Hidalgo County to recover damages for personal injuries she sustained as a result of a "slip and fall" in appellant's place of business. Appellant filed a plea of privilege to be sued in Nueces County, the county of its domicile. Appellee filed a Controverting Affidavit alleging that the suit was lawfully maintainable in Hidalgo County, Texas, under the provisions of sections 4, 9a, 23, and 29a of TEX.

REV.CIV.STAT.ANN. art. 1995 (Vernon Supp.1982). After a hearing before the court, the trial judge overruled the plea of privilege. Appellant has duly perfected this appeal.

Appellant's main points of error assert that the trial court erred in overruling its plea of privilege because there was no evidence or, alternatively, insufficient evidence to support the court's findings of fact and conclusions of law that venue was proper in Hidalgo County, Texas, within the purview of TEX.REV.CIV.STAT.ANN. art. 1995(9a).

Appellee testified that on October 6, 1980, she entered the H.E.B. store in McAllen, Texas, at approximately 10:00 a.m. for the purpose of buying groceries. She testified that it had been drizzling most of the morning. Appellee testified that she entered through the sliding glass door and wiped her feet. She was carrying her baby, and, as such, she "couldn't see anything in front of her," specifically, the floor. Appellee walked approximately six to eight feet inside the store and lost her footing and fell. Appellee testified to the effect that all she remembered was that she saw her baby flying up and that she could not get up herself. After a cashier came over and picked her up, appellee stated that she felt that her backside was wet. Appellee testified that she never actually saw the water *on the floor*, before or after the accident. Appellee could not describe the size of the puddle on the floor or what color the water was. She was also unable to say how the water got on the floor or how long it had been on the floor.

Appellee offered the testimony of Caron Wise, who was shopping at the H.E.B. in question on this date. Ms. Wise testified that the first time she saw appellee was when appellee was falling. At best, Ms. Wise could only state that she saw some water on the floor after the fall and that she notified one of the checkers that it needed to be mopped up. Ms. Wise did not notice anything unusual about the water on the floor. She did not know how the water

got there or how long it had been there either.

The only other testimony offered at the hearing was that of Harold Miller, the district manager for the Valley H.E.B. Food Stores for twenty-five years. Miller verified that it is standard to have a mat outside the door for the "In" door and that, upon entering the store, there is a mat to wipe your feet. He further testified that, as a general rule, all the heavy cleaning and mopping and buffing of the floors in the stores is done during non-daylight hours. Finally, Mr. Miller testified that there is no specified procedure for drying out the grocery carts on rainy days before they are placed back inside the store. The carts are simply brought back to the designated area from outside. Miller explained that the only special procedure for rainy days at the H.E.B. store for which he is responsible is to be more alert at the front of the store for possible water being left on the floor. Generally, the service manager at each store is responsible for keeping things clean and organized. There is no other significant testimony concerning the incident giving rise to appellee's fall on October 6, 1980.

In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W. 120 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 359 (1961).

Section 9a of article 1995, supra, sets out very clearly the facts necessary to be established in order to maintain venue in a county other than the county of the defendant's residence. These facts are:

(1) That an act or omission of negligence occurred in the county where suit was filed.

(2) That such act or omission was that of the tort-feasor, in person, or that of the servant, agent or representative acting within the scope of his employment, or that the person whose estate the defendant represents as executor, administrator, or guardian.

(3) That such negligence was the proximate cause of the plaintiff's injury.

To sustain venue under Section 9a of the statute, the plaintiff must establish the essential elements of a cause of action in negligence. Appellee's cause of action is characterized by appellee as one for "premises liability," meaning that appellee has alleged and seeks to prove that appellant negligently violated the duty owed by a business owner to a business invitee.

A business invitee is owed the duty by the owner of the premises to keep the premises in a reasonably safe condition and to inspect the premises to discover any latent defects and to make safe any defects or give adequate warnings. *Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452 (Tex.1972); *Rowland v. City of Corpus Christi*, 620 S.W.2d 930 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). The test to determine an owner's liability for injuries suffered on his premises by an invitee was set forth in *Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, wherein the Court accepted § 343 of the Restatement (Second) of Torts (1965). This test is (1) that the defendant created or maintained a condition on the premises giving rise to an unreasonable risk of injury to persons thereon; (2) that the owner knew or should have known of the existence of the condition and that he should have appreciated its danger. Thus, when an occupier has actual or constructive knowledge of any condition on the premises that poses an unreasonable risk of harm to invitees, he has a duty to take whatever action is reasonably prudent under the circumstances to reduce or eliminate the unreasonable risk from that condition. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex.1983).

An invitee's suit against a store owner is a simple negligence action. *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex.1978); *Rosas v. Buddies Food Stores*, 518 S.W.2d 534 (Tex.1975). The standard of

conduct required of a premise occupier toward his invitees is the ordinary care that a reasonably prudent person would exercise under all pertinent circumstances. Consequently, an occupier's liability to an invitee depends on whether he acted reasonably in light of what he knew or should have known about the risk accompanying a premises condition, not whether a specific set of facts or a specific breach of duty is established. Therefore, the appellee's right to recover from appellant depends on her showing appellant's knowledge of the foreseeable harm from some course of conduct or method of operation.

Giving the testimony presented the weight to which it is entitled under the above standard, we do not find any evidence which tends to prove: (1) how the floor became wet; (2) who placed the water on the floor; (3) how long the water was present, and (4) any knowledge of appellant or its agents that the floor was wet. The mere fact that appellee fell inside the premises of appellant store and was injured is not dispositive because the mere happening of an accident does not of itself evidence negligence. *Thoreson v. Thompson*, 431 S.W.2d 341 (Tex.1968); see also *H.E. Butt Grocery Co. v. Stastny*, 645 S.W.2d 314, 316 (Tex.Civ.App.—Corpus Christi 1982, no writ); *H.E. Butt Grocery Co. v. Tester*, 498 S.W.2d 683, 685 (Tex.Civ.App.—Corpus Christi 1973, no writ). Points of error numbers three, four, five and ten are sustained.

We have examined all of appellant's remaining points of error, and they are overruled. The judgment of the trial court is reversed and judgment is here rendered, transferring the cause to the District Clerk of Nueces County, Texas.

REVERSED AND RENDERED.