**H.E. BUTT GROCERY COMPANY, Appellant,**

v.

**Rosemary GODAWA, Appellee.**

No. 13–88–036–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 8, 1988.

Rehearing Denied Jan. 5, 1989.

Roger W. Hughes, Adams, Graham, Jenkins, Graham & Hamby, Harlingen, for appellant.

Jaime A. Drabek, Hirsch, Glover, Robinson & Sheiness, Brownsville, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is a personal injury case. The jury found that negligence on the part of defendant-appellant, H.E. Butt Grocery Co. (H.E.B.) proximately caused injuries to plaintiff-appellee, Rosemary Godawa. The jury awarded damages to appellee, Rosemary Godawa, in the following amounts: $5,000.00 for past physical pain and mental anguish, $3,000.00 for future physical pain and mental anguish, $1,750.00 for past medical expenses, $1,300.00 in lost earnings, $2,500.00 for past physical impairment, and $1,500.00 for future physical impairment.

Appellant, H.E.B., raises twelve points of error for our consideration. Five of these points attack the factual and legal sufficiency of the evidence to support the trial court's verdict. In considering "no evidence" and "insufficient evidence" points of error, we will follow the well-established test set forth in Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

On October 17, 1983, appellee, Rosemary Godawa, and her husband, Richard John Godawa, entered an H.E.B. store in Brownsville, Texas for the purpose of purchasing flour and soda pop. They made their way to the soda pop aisle and stopped about ten or fifteen feet into the aisle. Appellee, Rosemary Godawa, began pricing some soda pop. She stepped back and her foot rocked or twisted. She fell to the floor, breaking her left wrist. The fall occurred about 1:30 p.m. She testified that she fell down because there was "something hard" underneath her heel. However, upon entering the soda pop aisle, she saw no safety signs or safety cones, or any indication that the aisle was being cleaned. In fact, she said that the floor was not wet and that she did not see anything on the floor prior to the time she fell. Moreover, after she fell, and while she was still on the floor, she did not remember seeing anything on the floor that may have caused the fall. Afterwards, she and her husband went to the service desk and reported the incident. After filling out an accident report, they returned to the scene of the fall with a service manager. Together they did not see anything on the floor that would have caused her to fall.

Richard John Godawa testified that he was standing next to his wife when she fell. However, he did not see her fall and did not see anything on the floor prior to the time she fell. When he returned with his wife and the service manager to the scene of the accident, he did not see anything on the floor. He also testified that the service manager did not see anything on the floor where the fall occurred.

Nila Garcia testified that she was in the soda pop aisle at the time appellee, Rosemary Godawa, fell. She testified that she saw an H.E.B. employee in the vicinity mopping the floor. After the fall, she said this employee disappeared and never returned. She did not state how far this employee was from the location of the fall. She also did not notice anything on the floor before or after the fall.

Mary Lewis, an employee at the H.E.B. store where the fall occurred, filled out the accident report forms for appellee, Rosemary Godawa. Ms. Lewis testified that appellee, Rosemary Godawa, did not tell her that she fell because she stepped on something hard. According to Ms. Lewis' testimony, appellee, Rosemary Godawa, told her that she "slipped and fell." Before filling out the accident report, Ms. Lewis testified that she went with appellee, Rosemary Godawa, to the soda pop aisle. She inspected the floor and saw nothing on the floor. However, in her deposition, she

stated that she had not inspected the aisle prior to filling out the accident report.

Francisco Galindo, an assistant service manager at the H.E.B. store where the fall occurred, testified about the procedures used to clean the floor in October of 1983. From midnight to eight o'clock in the morning, a maintenance crew spot-mops and buffs the whole floor. Beginning at nine o'clock in the morning, a courtesy clerk, working a four hour shift, sweeps and spot-mops the floor. When his shift expires, another courtesy clerk takes over and performs the same duties. These courtesy clerks constantly sweep the whole sales area. Galindo stated that "spot-mopping" refers to the act of mopping up a wet surface. If someone is doing some spot-mopping after the maintenance crew has left, a yellow mop bucket with the words "CAUTION—WET FLOOR" printed on it in black is placed in front of the area that is being mopped. After the employee has finished mopping the floor, he has to wait at the site until the floor is dry. Also, the store has two service managers scheduled at all hours. One of these managers is instructed to walk the floors and check for any spills. Galindo admitted that he was not an assistant service manager at the time appellee, Rosemary Godawa, fell. At that time, he worked only as a cashier and was not in charge of overseeing cleaning procedures or enforcing the policy of keeping the floors clean. He did not assume these responsibilities until about six months after appellee, Rosemary Godawa, fell.

By points of error six through ten, appellant, H.E.B., challenges the sufficiency of the evidence to support the jury's findings in a premises liability case.

■ A business invitee is owed the duty by the owner of the premises to keep the premises in a reasonably safe condition and to inspect the premises in order to discover any latent defects or give adequate warnings. *Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, 454–55 (Tex.1972); *H.E.B. Food Stores, Inc. v. Flores*, 661 S.W.2d 297, 299 (Tex.App.—Corpus Christi 1983, writ dism'd). The test to determine an owner's liability for injuries suffered on his premises by an invitee is (1) that the owner/defendant created or maintained a condition on the premises giving rise to an unreasonable risk of injury to persons thereon, and (2) that the owner/defendant knew or should have known of the existence of the condition and that he should have appreciated its danger. *Adam Dante Corp.*, 483 S.W.2d at 455; *Flores*, 661 S.W.2d at 299. Moreover, when an occupier of land has actual or constructive knowledge of any condition on the premises that presents an unreasonable risk of harm to invitees, he has a duty to take whatever action is reasonably prudent under the circumstances to reduce or eliminate the unreasonable risk from that condition. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983); *Flores*, 661 S.W.2d at 299.

■ An invitee's suit against a store owner is a simple negligence action. *Corbin*, 648 S.W.2d at 295; *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 517 (Tex. 1978); *Tanner v. BDK Production Co., Inc.*, 671 S.W.2d 941, 943–44 (Tex.App.— Corpus Christi 1984, no writ). The standard of conduct required of a premise occupier toward an invitee is the ordinary care that a reasonably prudent person would exercise under all relevant circumstances. Consequently, an occupier's liability to an invitee depends on whether he acted reasonably in light of what he knew or should have known about the risk accompanying the premises condition, not whether a certain fact situation or a specific breach of duty is established. Therefore, Rosemary Godawa had the burden to prove (1) that H.E.B. had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to Godawa; (3) that H.E.B. did not exercise reasonable care to reduce or to eliminate the risk; and (4) that H.E.B.'s failure to use such care proximately caused Godawa's personal injuries.

■ After considering all the evidence, we conclude that there is no evidence that appellant, H.E.B., created or maintained a condition on its premises giving rise to an

unreasonable risk of injury to appellee, Rosemary Godawa, or that appellant, H.E.B., knew of or should have known of the alleged condition. *See Adam Dante Corp.*, 483 S.W.2d at 455; *Flores*, 661 S.W.2d at 299. Moreover, the fact that appellee, Rosemary Godawa, fell inside the premises of the H.E.B. store and broke her left wrist is not dispositive because the mere happening of an accident is not of itself evidence of negligence. *Thoreson v. Thompson*, 431 S.W.2d 341, 344 (Tex.1968); *Southwestern Bell Telephone Co. v. McKinney*, 699 S.W.2d 629, 634 (Tex.App. —San Antonio 1985, writ ref'd n.r.e.); *Flores*, 661 S.W.2d at 300. Points of error six, seven, eight, nine, and ten are sustained.

Because of our disposition of points of error six, seven, eight, nine, and ten, we need not review the merits of the remaining points of error.

We REVERSE the judgment of the trial court and RENDER that appellee, Rosemary Godawa, take nothing by her suit.