NO. 07-11-00079-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 23, 2012
_____

HARTMAN INCOME REIT PPTY HOLDINGS, LLC,

Appellant

v.

DALLAS CENTRAL APPRAISAL DISTRICT AND THE
APPRAISAL REVIEW BOARD OF DALLAS CENTRAL
APPRAISAL DISTRICT,

Appellees
_____

FROM THE 134TH DISTRICT COURT OF DALLAS COUNTY;

NO. 09-12040-G; HONORABLE JAMES M. STANTON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Hartman Income REIT PPTY Holdings, LLC (Hartman) appeals a judgment denying recovery upon its claim against the Dallas Central Appraisal District and the Appraisal Review Board of the Dallas Central Appraisal District (jointly referred to as "the District"). The latter, in 2009, allegedly assigned an excessive value to property Hartman owned. Hartman sought to correct the error and reduce the valuation. After trial to the court, the aforementioned judgment was entered. Hartman now asserts

thirteen issues for us to review. They can be divided into two common categories, however. One deals with the admission of an exhibit which had not been disclosed during discovery, while the other concerns the sufficiency of the evidence or accuracy of the law underlying many of the trial court's findings of fact and conclusions of law. We affirm.

*Issues One through Six and Eleven and Twelve*

The eight issues we initially address involve the trial court's decision to admit into evidence defense exhibit 1B which the District failed to disclose to Hartman. The exhibit consisted of final property values derived by the District's expert witness. Because the item was not disclosed, despite timely discovery requests for such documents, the trial court should not have admitted it, according to Hartman. Furthermore, the topic was broached during trial and via a motion for new trial. The trial court not only admitted the document at trial but also denied Hartman's motion for new trial. We overrule the issues.

The applicable standard of review is one of abused discretion. *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex. 1995) (involving discovery and evidentiary issues); *Clift v. Huggins,* 724 S.W.2d 778, 778-79 (Tex. 1987) (involving the granting or denial of a motion for new trial). Under it, the decision of the trial court must fail to comport with guiding rules or principles or otherwise be arbitrary before we can alter it. *Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998). Finally, the burden lies with the appellant to establish that an abuse of discretion occurred. *See Navistar Intern. Corp. v. Valles,* 740 S.W.2d 4, 6 (Tex. App.–El Paso 1987, no writ).

*Admission of Exhibit at Trial*

Next, no one disputes that exhibit 1B fell within the category of documents encompassed by a request for disclosure or production propounded by Hartman. And, at trial, Hartman objected to its admission because the District allegedly failed to lay a proper foundation for its admission or disclose it during discovery. The ensuing discourse between the trial court and Hartman's counsel include statements by counsel that "I've not seen him show me where it's been produced today," "[a]ctually, it's one of our exhibits, Your Honor," and "I'll take . . . [opposing counsel] at his word that he disclosed it, but I've not seen the production or disclosure where these were produced *today*." (Emphasis added). Upon hearing the latter, the trial court overruled the objections and admitted the exhibit. Later, counsel for Hartman would concede that he withdrew his objection regarding the failure to produce the exhibit. These circumstances fall short of evincing an abuse of discretion for several reasons.

First, to preserve error regarding the admission of evidence, one must contemporaneously object. *Bay Area Healthcare Group, Ltd. V. McShane,* 239 S.W.3d 231, 235 (Tex. 2007). By withdrawing its objection at trial, Hartman waived its complaint about failing to produce the exhibit during discovery.

Second, it is true that a party has a duty to supplement discovery requests. TEX. R. CIV. P. 193.5(a). However, we are cited to no authority suggesting that a litigant who previously provided documents in response to a discovery request must repeat the act on the day of trial. Nor do we know of any such general obligation. This is of import given the tenor of Hartman's objection. Again, it opted to accept the District's representation at trial that it had previously been disclosed. However, it continued to

3

complain about the item not being "produced today." Without showing that the District had the duty to reproduce an exhibit on the day of trial, Hartman has not shown that the trial court failed to abide by guiding rules or principles. Consequently, we cannot say that the trial court's decision at trial constituted an abuse of discretion.

*Exhibit as a Basis for Motion for New Trial*

After trial and the entry of judgment, Hartman inquired of the District about when exhibit 1B was produced via discovery. These inquiries led the District to discover that it was mistaken; the document had not been provided. Hartman then moved for a new trial, and, at the ensuing hearing, argued that the District's failure to disclose exhibit 1B via discovery was harmful. This was purportedly so because the District used data from the wrong year in compiling the valuations. In other words, the comparables itemized in exhibit 1B were valuations for the tax year 2010 though the dispute between the two litigants involved the tax year 2009. Eventually, the trial court allowed the motion for new trial to be overruled by operation of law. This constituted error, according to Hartman. We again disagree for several reasons.

First, Hartman was obligated to urge an objection contemporaneous to the admission of the document. *Boyer v. Scruggs,* 806 S.W.2d 941, 946 (Tex. App.–Corpus Christi 1991, no writ). Because the objection initially urged was withdrawn, waiting to utter it again via a motion for new trial is not sufficiently contemporaneous.

Second, at trial, the witness sponsoring exhibit 1B also sponsored exhibit 1A. When asked how the former differed from the latter, she testified: "I don't believe it is. The only difference is that 1A was the nuts and bolts of the property" while "1B was the final value." In other words, "1A [encompassed] the line of factors that led . . . [her] to

4

1B." She also acknowledged that the "two should be taken together." Though both exhibits were eventually admitted into evidence, Hartman does not complain about the admission of 1A. Nor does it argue here that the two exhibits actually differ in ways other than that mentioned at trial or that 1B fails to represent final values taken from data in 1A. This is problematic for one is not harmed by the admission of purportedly objectionable evidence when it was admitted elsewhere without objection. *Volkswagen of America, Inc. v. Ramirez,* 159 S.W.3d 897, 907 (Tex. 2004).

Third, if one compares the alleged 2010 values represented in 1B to the 2009 values appearing in documentation appended to Hartman's motion for new trial, the result would be somewhat surprising. The former are generally lower than the latter. For instance, the 2010 value assigned to "Park Plaza" was $2,857,050; however, the 2009 value for the same property was $3,150,000. The same is true for "Park Central" which dropped in value from $6,826,110 in 2009 to $6,250,000 in 2010, and "Coit Central" which dropped from $15,805,120 to $14,600,000 during the same period. This is of import because Hartman sought, via its suit, to reduce the value assigned to its property which value is apparently derived through or affected by comparison to the value of comparable properties. So, in effect, what we have before us is a taxpayer complaining of harm from the appraisal district valuing its property through comparable values lower than the ones it should have used. While this suggests that the taxpayer invites a re-valuation of its property based upon higher comparables, Hartman cites us to no legal authority requiring a new trial due to error that benefits the complainant. Nor did we find any.

*Remaining Issues*

Hartman's remaining issues concern whether the evidence was legally or factually sufficient to support various findings or conclusions of law entered by the trial court. We overrule them.

Regarding findings number 1B, 1C, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, and 18, the extent of Hartman's argument consists of conclusory statements such as 1) there is "insufficient evidence in the record based upon the testimony and evidence of the Appellant," 2) the findings "are contrary to the evidence," 3) the finding "is directly negated by the letter from Appellee's counsel," and 4) "there is no evidence or insufficient evidence to support the findings." In one instance, it also argues that it "offered evidence that the Appellant's real property was unequally appraised" and followed that comment by citing to pages 14–93 of the reporter's record. At another time, it posited that "Appellee's own evidence justified a reduction in value," and followed that by referencing pages 115 through 116 of the reporter's record. But nowhere do we find any substantive discussion or analysis of the issues. We have no discussion as to why the testimony appearing on pages 115-116 of the record somehow renders inconsequential testimony from the District's expert that the value of Hartman's property "currently on the property [rolls] is the value that should be placed there," that value being $6,826,110.

Additionally, most of the findings attacked are lengthy and encompass multiple factual statements. Some of those statements include references to topics such as the identity of Hartman's own experts and the data used in making their respective calculations. Whether they too are under attack by Hartman is unknown given the

6

conclusory nature of its briefing. And, to the extent that the findings in question may tend to reject the relevance or importance of the criteria used by Hartman's experts in calculating values, Hartman makes no attempt to explain why deeming the criteria irrelevant or unimportant was wrong.

An appellate brief must contain a clear and concise argument for the contentions made, with appropriate citation to authorities and to the record. TEX. R. APP. P. 381(h). Bare assertions of error without argument, authority, or citation to the record waive error. *Denmon v. Atlas Leasing, L.L.C.,* 285 S.W.3d 591, 597 (Tex. App.–Dallas 2009, no pet.). Hartman's attack upon the aforementioned findings liken to bare assertions. Thus, its complaints are waived.

As for the attacks levied upon Conclusions of Law No. 6 ("there is no basis in any case law or statute"), Nos. 9, 10, and 11 ("there is no evidence or insufficient evidence to support the 'conclusions' based upon the evidence presented by the Appellant"), they too consist of bare assertions. Being inadequately briefed, they too are waived.

Each issue is overruled, and the judgment is affirmed.


Brian Quinn
Chief Justice

7