NO. 07-11-00079-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 OCTOBER 23, 2012
 _____________________________

 HARTMAN INCOME REIT PPTY HOLDINGS, LLC,

 Appellant
 v.

 DALLAS CENTRAL APPRAISAL DISTRICT AND THE APPRAISAL REVIEW BOARD
 OF DALLAS CENTRAL APPRAISAL DISTRICT,

 Appellees
 _____________________________

 FROM THE 134TH DISTRICT COURT OF DALLAS COUNTY;

 NO. 09-12040-G; HONORABLE JAMES M. STANTON, PRESIDING
 _____________________________

 Memorandum Opinion
 _____________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Hartman Income REIT PPTY Holdings, LLC (Hartman) appeals a judgment
denying recovery upon its claim against the Dallas Central Appraisal
District and the Appraisal Review Board of the Dallas Central Appraisal
District (jointly referred to as "the District"). The latter, in 2009,
allegedly assigned an excessive value to property Hartman owned. Hartman
sought to correct the error and reduce the valuation. After trial to the
court, the aforementioned judgment was entered. Hartman now asserts
thirteen issues for us to review. They can be divided into two common
categories, however. One deals with the admission of an exhibit which had
not been disclosed during discovery, while the other concerns the
sufficiency of the evidence or accuracy of the law underlying many of the
trial court's findings of fact and conclusions of law. We affirm.
 Issues One through Six and Eleven and Twelve
 The eight issues we initially address involve the trial court's
decision to admit into evidence defense exhibit 1B which the District
failed to disclose to Hartman. The exhibit consisted of final property
values derived by the District's expert witness. Because the item was not
disclosed, despite timely discovery requests for such documents, the trial
court should not have admitted it, according to Hartman. Furthermore, the
topic was broached during trial and via a motion for new trial. The trial
court not only admitted the document at trial but also denied Hartman's
motion for new trial. We overrule the issues.
 The applicable standard of review is one of abused discretion. City
of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995) (involving
discovery and evidentiary issues); Clift v. Huggins, 724 S.W.2d 778, 778-79
(Tex. 1987) (involving the granting or denial of a motion for new trial).
Under it, the decision of the trial court must fail to comport with guiding
rules or principles or otherwise be arbitrary before we can alter it.
Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).
Finally, the burden lies with the appellant to establish that an abuse of
discretion occurred. See Navistar Intern. Corp. v. Valles, 740 S.W.2d 4, 6
(Tex. App.-El Paso 1987, no writ).

 Admission of Exhibit at Trial
 Next, no one disputes that exhibit 1B fell within the category of
documents encompassed by a request for disclosure or production propounded
by Hartman. And, at trial, Hartman objected to its admission because the
District allegedly failed to lay a proper foundation for its admission or
disclose it during discovery. The ensuing discourse between the trial
court and Hartman's counsel include statements by counsel that "I've not
seen him show me where it's been produced today," "[a]ctually, it's one of
our exhibits, Your Honor," and "I'll take . . . [opposing counsel] at his
word that he disclosed it, but I've not seen the production or disclosure
where these were produced today." (Emphasis added). Upon hearing the
latter, the trial court overruled the objections and admitted the exhibit.
Later, counsel for Hartman would concede that he withdrew his objection
regarding the failure to produce the exhibit. These circumstances fall
short of evincing an abuse of discretion for several reasons.
 First, to preserve error regarding the admission of evidence, one
must contemporaneously object. Bay Area Healthcare Group, Ltd. V. McShane,
239 S.W.3d 231, 235 (Tex. 2007). By withdrawing its objection at trial,
Hartman waived its complaint about failing to produce the exhibit during
discovery.
 Second, it is true that a party has a duty to supplement discovery
requests. Tex. R. Civ. P. 193.5(a). However, we are cited to no authority
suggesting that a litigant who previously provided documents in response to
a discovery request must repeat the act on the day of trial. Nor do we
know of any such general obligation. This is of import given the tenor of
Hartman's objection. Again, it opted to accept the District's
representation at trial that it had previously been disclosed. However, it
continued to complain about the item not being "produced today." Without
showing that the District had the duty to reproduce an exhibit on the day
of trial, Hartman has not shown that the trial court failed to abide by
guiding rules or principles. Consequently, we cannot say that the trial
court's decision at trial constituted an abuse of discretion.
 Exhibit as a Basis for Motion for New Trial
 After trial and the entry of judgment, Hartman inquired of the
District about when exhibit 1B was produced via discovery. These inquiries
led the District to discover that it was mistaken; the document had not
been provided. Hartman then moved for a new trial, and, at the ensuing
hearing, argued that the District's failure to disclose exhibit 1B via
discovery was harmful. This was purportedly so because the District used
data from the wrong year in compiling the valuations. In other words, the
comparables itemized in exhibit 1B were valuations for the tax year 2010
though the dispute between the two litigants involved the tax year 2009.
Eventually, the trial court allowed the motion for new trial to be
overruled by operation of law. This constituted error, according to
Hartman. We again disagree for several reasons.
 First, Hartman was obligated to urge an objection contemporaneous to
the admission of the document. Boyer v. Scruggs, 806 S.W.2d 941, 946 (Tex.
App.- Corpus Christi 1991, no writ). Because the objection initially urged
was withdrawn, waiting to utter it again via a motion for new trial is not
sufficiently contemporaneous.
 Second, at trial, the witness sponsoring exhibit 1B also sponsored
exhibit 1A. When asked how the former differed from the latter, she
testified: "I don't believe it is. The only difference is that 1A was the
nuts and bolts of the property" while "1B was the final value." In other
words, "1A [encompassed] the line of factors that led . . . [her] to 1B."
She also acknowledged that the "two should be taken together." Though both
exhibits were eventually admitted into evidence, Hartman does not complain
about the admission of 1A. Nor does it argue here that the two exhibits
actually differ in ways other than that mentioned at trial or that 1B fails
to represent final values taken from data in 1A. This is problematic for
one is not harmed by the admission of purportedly objectionable evidence
when it was admitted elsewhere without objection. Volkswagen of America,
Inc. v. Ramirez, 159 S.W.3d 897, 907 (Tex. 2004).
 Third, if one compares the alleged 2010 values represented in 1B to
the 2009 values appearing in documentation appended to Hartman's motion for
new trial, the result would be somewhat surprising. The former are
generally lower than the latter. For instance, the 2010 value assigned
to "Park Plaza" was $2,857,050; however, the 2009 value for the same
property was $3,150,000. The same is true for "Park Central" which dropped
in value from $6,826,110 in 2009 to $6,250,000 in 2010, and "Coit Central"
which dropped from $15,805,120 to $14,600,000 during the same period. This
is of import because Hartman sought, via its suit, to reduce the value
assigned to its property which value is apparently derived through or
affected by comparison to the value of comparable properties. So, in
effect, what we have before us is a taxpayer complaining of harm from the
appraisal district valuing its property through comparable values lower
than the ones it should have used. While this suggests that the taxpayer
invites a re-valuation of its property based upon higher comparables,
Hartman cites us to no legal authority requiring a new trial due to error
that benefits the complainant. Nor did we find any.

 Remaining Issues
 Hartman's remaining issues concern whether the evidence was legally
or factually sufficient to support various findings or conclusions of law
entered by the trial court. We overrule them.
 Regarding findings number 1B, 1C, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14,
15, 16, 17, and 18, the extent of Hartman's argument consists of conclusory
statements such as 1) there is "insufficient evidence in the record based
upon the testimony and evidence of the Appellant," 2) the findings "are
contrary to the evidence," 3) the finding "is directly negated by the
letter from Appellee's counsel," and 4) "there is no evidence or
insufficient evidence to support the findings." In one instance, it also
argues that it "offered evidence that the Appellant's real property was
unequally appraised" and followed that comment by citing to pages 14-93 of
the reporter's record. At another time, it posited that "Appellee's own
evidence justified a reduction in value," and followed that by referencing
pages 115 through 116 of the reporter's record. But nowhere do we find any
substantive discussion or analysis of the issues. We have no discussion as
to why the testimony appearing on pages 115-116 of the record somehow
renders inconsequential testimony from the District's expert that the value
of Hartman's property "currently on the property [rolls] is the value that
should be placed there," that value being $6,826,110.
 Additionally, most of the findings attacked are lengthy and encompass
multiple factual statements. Some of those statements include references
to topics such as the identity of Hartman's own experts and the data used
in making their respective calculations. Whether they too are under attack
by Hartman is unknown given the conclusory nature of its briefing. And,
to the extent that the findings in question may tend to reject the
relevance or importance of the criteria used by Hartman's experts in
calculating values, Hartman makes no attempt to explain why deeming the
criteria irrelevant or unimportant was wrong.
 An appellate brief must contain a clear and concise argument for the
contentions made, with appropriate citation to authorities and to the
record. Tex. R. App. P. 381(h). Bare assertions of error without
argument, authority, or citation to the record waive error. Denmon v.
Atlas Leasing, L.L.C., 285 S.W.3d 591, 597 (Tex. App.-Dallas 2009, no
pet.). Hartman's attack upon the aforementioned findings liken to bare
assertions. Thus, its complaints are waived.
 As for the attacks levied upon Conclusions of Law No. 6 ("there is no
basis in any case law or statute"), Nos. 9, 10, and 11 ("there is no
evidence or insufficient evidence to support the 'conclusions' based upon
the evidence presented by the Appellant"), they too consist of bare
assertions. Being inadequately briefed, they too are waived.
 Each issue is overruled, and the judgment is affirmed.

 Brian Quinn
 Chief Justice